

Opinions of the United
States Court of Appeals
for the Third Circuit

8-17-2006

# Dunleavy v. Montville

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4078

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation
"Dunleavy v. Montville" (2006). *2006 Decisions.* Paper 573.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/573

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-4078
_____

HARRY DUNLEAVY,

Appellant

v.

MONTVILLE TOWNSHIP; MONTVILLE BOARD OF EDUCATION; SANDRA
ALON; STEVEN KRAMER; ROSALIE LAMONTE; J. FRANK VESPA-PAPALEO;
LORRAINE WATSON
_____

On Appeal From the United States District Court
For the District of New Jersey
(D. N.J. Civ. No. 04-cv-01154)
District Judge:  Honorable Katharine S. Hayden
_____

Submitted Under Third Circuit LAR 34.1(a)
June 27, 2006

BEFORE: RENDELL, AMBRO and ROTH, <u>Circuit Judges</u>

(Filed: August 17, 2006)

_____

OPINION
_____

PER CURIAM

Harry Dunleavy appeals an order of the United States District Court for the

District of New Jersey granting summary judgment in favor of the Montville Board of

Education, the Principal of Montville High School, Steven Kramer, and the Supervisor of Business and Mathematics, Sandra Alon (the "School Defendants"), in his age discrimination action. For the reasons that follow, we will affirm.

Montville High School advertised two mathematics teaching positions for the 2002-2003 school year. Dunleavy, who was then 60 years old, applied for a position. Dunleavy had the requisite teaching certification. He had last worked as an Adjunct Professor of Mathematics at Sussex County Community College. Dunleavy was invited to interview for a teaching position. Kramer and Alon interviewed Dunleavy but did not invite him back for the second round of interviews. Upon completion of the hiring process, Kimberly Deamer, who was 28 years old, and Jeffrey Schutzer, who was 43 years old, were offered the teaching positions.

Dunleavy filed suit in the District Court against the School Defendants raising claims under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621- 634 ("ADEA"), and the New Jersey Law Against Discrimination, N.J. Stat. Ann. §§ 10:5-1-10:5-49 ("NJLAD").[1] The School Defendants moved for summary judgment. In granting the motion, the District Court held that Dunleavy established a prima facie case of discrimination, but he did not show that the School Defendants' legitimate, nondiscriminatory reason for not hiring him was a pretext for discrimination.

This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1291. Our

---

[1]During the course of the proceedings, Dunleavy voluntarily dismissed, through counsel, other defendants he had named and other claims he had raised in his complaint.

standard of review is plenary.  <u>Kautz v. Met-Pro Corp.</u>, 412 F.3d 463, 466 (3d Cir. 2005).

As recognized by the District Court, the <u>McDonnell Douglas</u>[2] burden-shifting framework applies to claims of discrimination under the ADEA.  <u>Stanziale v. Jargowsky</u>, 200 F.3d 101, 105 (3d Cir. 2000).[3]  Under this framework, if a plaintiff establishes a prima facie case of discrimination, the burden of production shifts to the defendant to offer evidence that is sufficient, if believed, to support a finding that the defendant had a legitimate, nondiscriminatory reason for the adverse employment decision.  <u>Id.</u>

If a defendant satisfies this burden, a plaintiff may then survive summary judgment by submitting evidence from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reason; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action.  <u>Id.</u>  The issues in this appeal are whether the District Court correctly decided that the School Defendants established a legitimate, nondiscriminatory reason for the decision not to hire Dunleavy and, if so, whether Dunleavy established that the reason was a pretext for discrimination.[4]

In their summary judgment motion, the School Defendants explained that

_____

   [2]<u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973).

   [3]We apply the same legal principles to Dunleavy's NJLAD claim.  <u>See</u> <u>Keller v. Orix Credit Alliance</u>, 130 F.3d 1101, 1114 n.5 (3d Cir. 1997) (en banc).

   [4]Although the School Defendants do not agree with the District Court's conclusion that Dunleavy established a prima facie case of discrimination, they do not appeal that decision.  Appellees' Br. at 8.

Dunleavy was not chosen for a teaching position because he lacked recent high school teaching experience, and he lacked the ability and willingness to integrate computers into the daily curriculum. Sandra Alon submitted an affidavit stating that, during the interview, it was apparent that Dunleavy was not sufficiently familiar with certain computer programs to incorporate them into the classroom. She also stated that Dunleavy admitted during the interview that he had not taught public school since 1977. Alon further explained that Kimberly Deamer and Jeffrey Schutzer satisfied these requirements. We agree with the District Court that the School Defendants established legitimate, nondiscriminatory reasons for the decision not to hire Dunleavy. See Fuentes v. Perskie, 32 F.3d 759, 763 (3d Cir. 1994) (noting that the employer's burden to articulate a legitimate, nondiscriminatory reason is "relatively light").

We further agree with the District Court that, in response to the summary judgment motion, Dunleavy pointed to no evidence from which a factfinder could reasonably disbelieve the School Defendants' articulated legitimate reasons. Dunleavy did not establish that he had recent high school teaching experience. To the contrary, Dunleavy stated in his deposition that his last permanent teaching position in a high school was in 1977. Although he did some substitute high school teaching thereafter, Dunleavy could not recall the years when he was so employed. Moreover, even if Dunleavy did substitute teach more recently, the record does not establish that the School Defendants knew about this experience when they made the hiring decision. Dunleavy could not recall at his deposition if he discussed his substitute teaching during his interview. He did not include

4

this experience on his resume.

Dunleavy also did not establish that during his interview he demonstrated his ability and willingness to integrate computers into the daily curriculum. In his affidavit, Dunleavy stated only that he was told that such an ability and willingness, along with recent teaching experience, were the most important factors in the School Defendants' hiring decision. Dunleavy did not state that he expressed to Alon and Kramer his ability and willingness to use computers in the classroom. To the contrary, Dunleavy stated at his deposition that computers "really aren't much use for math unless you want to produce mathematical illiterates." Dunleavy Dep. at 20. Also, in his brief to this Court, Dunleavy expressed his disagreement with the School Defendants' requirement that teachers use certain technologies to teach math. See Appellant's Br. at 6-7. Dunleavy's personal beliefs about the utility of computers in the classroom do not cast doubt on the School Defendants' reason for not hiring him.[5]

Finally, Dunleavy did not establish that Deamer and Schutzer did not satisfy the School Defendants' requirements. The resumes of these candidates reflect more recent high school mathematics teaching experience than Dunleavy had. In addition, Alon

---

[5]We agree with Dunleavy that there is no evidence supporting the statement in the District Court's opinion that Dunleavy admitted at his interview that he had no experience using computers to teach in the classroom. Although Dunleavy stated at his deposition that he had not used computers to assist him in teaching, there is no evidence that he so stated at his interview. Rather, contrary to Alon's affidavit, Dunleavy argues for the first time in this appeal that he was not asked about computers at his interview. Because Dunleavy did not contend in District Court that a genuine issue of material fact exists on this basis, we will not consider this argument. See Dluhos v. Strasberg, 321 F.3d 365, 373 (3d Cir. 2003) (declining to address issues raised for the first time on appeal).

attested that both candidates had incorporated technology into their teaching curriculums. In his brief, Dunleavy points to other factors, including his teaching certification in Spanish and graduate degrees, that he believes make him more qualified than these candidates. He submitted no evidence, however, that these factors were important to the School Defendants in their hiring decision.

We conclude that Dunleavy has not shown that the reasons articulated by the School Defendants for not hiring him were a pretext for discrimination. See Kautz, 412 F.3d at 467 (noting that, to prove pretext, a plaintiff is required to present evidence contradicting the core facts put forward by the employer as the legitimate reason for its decision). Accordingly, we will affirm the District Court's order.[6]

---

[6]The District Court also concluded that the statistical evidence Dunleavy submitted to support his claim did not establish an inference of discrimination. Dunleavy does not challenge this conclusion on appeal, and we have not considered it.